imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. Whether the same facts induce in our minds the same belief as in that of the court below, as to the character of the applicant, or other material averments, is wholly immaterial; it is the discretion of the court of quarter sessions, not ours, that the law requires.

" 3. A decree made arbitrarily, or in violation of law, it is our plain duty to set aside. For example, if a judge should refuse a license, because in his opinion the law authorizing licenses is a bad law, or if he should grant all licenses because he believed the law wrong as tending to confer a privilege on a special few, in either case there would be no exercise of judicial discretion; both would be the mere despotic assertion of arbitrary will by one in power, that sort of lawlessness which is least excusable and excites most indignation.

" 4. If the record shows the decree was had after hearing at a time fixed by rule or standing order, the presumption is, the decree is judicial and not arbitrary, and this presumption is not rebutted by an argument from evidence that the court ought to have reached a different conclusion. "

An examination of this case in the light of these well-settled principles has failed to convince us that the court proceeded contrary to law or abused the discretionary power committed to it, and this being so the order must be affirmed.

What has been said with regard to this case applies equally well to the two succeeding cases.

The order is affirmed.

---

## Rader's License.

Argued May 17, 1907. Appeal, No. 202, April T., 1907, by Charles L. Rader, from order of Q. S. Mercer Co., Jan. T., 1907, No. 47, refusing a retail liquor license. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

PER CURIAM, October 7, 1907:

The order is affirmed.